IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME JULIUS BROWN<br>          Plaintiff, | * |
| v. | *   CIVIL ACTION NO. ELH-12-3110 |
| JND HANDYMAN SERVICE ORG.<br>JEROME JULIUS BROWN, JR. | * |
|           Defendants. | * |
| | *** |

**MEMORANDUM**

On October 19, 2012, Jerome Julius Brown ("Brown"), a detainee at the Arlington County Detention Center, in Arlington, Virginia, filed a complaint seeking $70,000.00 in damages. The action is accompanied by several documents, including a copy of Brown's driver's license, an article on degenerative heart valve defects, and a court order from the United States District Court for the Eastern District of Virginia. ECF No. 1. The cause of action itself is completely incomprehensible as it consists of numerous disjointed sentences and nonsensical statements.

Plaintiff has filed over 105 cases with the court and is subject to pre-filing restrictions under *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md.).[1] His previous actions in the court generally consist of rambling memoranda and indecipherable attachments. This case is no different.

While self-represented actions are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them.[2] *See Beaudett v. City of Hampton*, 775 F.

---

[1] The miscellaneous standing order prohibits Brown from entering the Northern and Southern Divisions of the Court, limits him to one active case at a time, restricts the manner in which Brown may file papers with the Court, and directs how the Clerk is to handle/return the papers.

[2] A federal court does not act as an advocate for a self-represented claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387,

2d 1274, 1277 (4th Cir. 1985).  Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks.  *See* Fed. R. Civ. P. 8(a).  Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *See Erickson v. Pardus*, 551 U.S. 89, 92 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, n. 14 (2007) ("On certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires").

This court has unsuccessfully attempted to determine the nature of the claims from a generous construction of the papers.  At one point Brown cites to a bench warrant, an order of extradition, the seizure of property, and his arrest in September of 2012.  Colorable claims cannot be fashioned from this disjointed and senseless pleading.  Given the materials presented before this court and plaintiff's litigation history, his complaint shall be summarily dismissed without requiring amendment/supplementation or the issuance of summons.  A separate Order follows.

Date: October 31, 2012.                   /s/
                                          Ellen L. Hollander
                                          United States District Judge

---

391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).